UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION


FILED
JUL 1 7 2018
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

No. 5:18-CR-00263

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL INFORMATION |
| ) | |
| TAMARA PERRY MCCAFFITY ) | |
| ) | |

The United States Attorney charges that:

## COUNT ONE

### I. INTRODUCTION

1. Beginning no later than in or about January 2013, and continuing until at least in or about May 2016, in the Eastern District of North Carolina and elsewhere, the defendant, TAMARA PERRY MCCAFFITY, and one or more other persons conspired to defraud the North Carolina Medicaid system by submitting false and fraudulent claims for reimbursement of services, including, but not limited to, claims for services that were never rendered by the billing providers.

2. Medicaid is a Federal health care benefit program that helps pay for medically necessary services for low-income individuals and their families ("beneficiaries"). Medicaid is administered by state governments. In North Carolina, Medicaid is administered by the North Carolina Department of Health and Human

Services, Division of Medical Assistance ("DMA"), together with a network of managed care organizations acting on its behalf under contractual agreements. The North Carolina Medicaid system includes both traditional Medicaid and the North Carolina Health Choice for Children insurance program (collectively, "Medicaid").[1]

3. If qualified, a beneficiary can enroll in the Medicaid program. At the time of enrollment, a beneficiary receives a unique alphanumeric code issued by the program. This code is known as a Medicaid Identification Number. Similar to traditional insurance, beneficiaries may use their Medicaid Identification Numbers to receive covered medical services.

4. Medicaid beneficiaries receive services from medical practitioners and companies, referred to as Medicaid "providers." Every provider who participates in the Medicaid program must apply for and obtain a National Provider Identifier ("NPI"). The NPI is a 10-digit number used to identify claims filed by and monies paid to a given provider. All Medicaid providers must certify that they will only bill the government for services that they actually render.

5. After a provider renders a covered medical service to a Medicaid beneficiary, the provider may bill Medicaid for the

---

[1] The Health Choice program supports families whose household income is too high to qualify for traditional Medicaid benefits and too low to afford private or employer-sponsored health insurance.

reasonable and necessary costs of the service. In general, providers bill Medicaid for services by submitting an electronic claim for reimbursement over the Internet.

6. In each claim, the provider must enter truthful information concerning the services it performed. The claim generally includes, but is not limited to, the date of the alleged service, the Medicaid Identification Number of the beneficiary, the nature of the service rendered, and the provider's NPI number.

7. Some of the services covered by Medicaid include mental health services, including assessment, individual and group therapy, family therapy, psychiatric medication management, and psychological testing for beneficiaries of all ages. Each mental health service provider is required by Medicaid to maintain service notes and other medical records for a period of six years in order to document and substantiate any claims for reimbursement.

## II. THE CONSPIRACY

8. Beginning no later than in or about January 2013, and continuing until at least in or about May 2016, in the Eastern District of North Carolina and elsewhere, defendant, TAMARA PERRY MCCAFFITY, did knowingly combine, conspire, confederate, and agree with one or more known and unknown persons to commit an offense against the United States, namely:

(a) Knowingly and willfully executing, and attempting to execute, a scheme and artifice to defraud a health care benefit

3

program, as defined in Title 18, United States Code, Section 24(b), affecting commerce, *to wit*, Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

## OBJECT OF THE CONSPIRACY

9. The object of the conspiracy was for the conspirators, including the defendant, TAMARA PERRY MCCAFFITY, to enrich themselves at the expense of the taxpayer-funded Medicaid system by preparing and filing, and causing to be prepared and filed, false and fraudulent Medicaid claims for the reimbursement of mental health services.

## MANNER AND MEANS

Among the manner and means used to effect and accomplish the purpose of the conspiracy included, but were not limited to, the following:

10. It was part of the conspiracy that between at least 2013 and 2015, TAMARA PERRY MCCAFFITY owned and operated Dreamworks II, a purported mental health business in Durham, North Carolina. TAMARA PERRY MCCAFFITY used the business to submit a substantial number of false and fraudulent claims for Medicaid reimbursement,

4

including claims for mental health services that were never rendered.

11. It was further part of the conspiracy that in the summer of 2014, TAMARA PERRY MCCAFFITY purchased Prominence Consulting & Therapeutic Services ("Prominence"), a purported mental health business in Raleigh, North Carolina. At the time of the purchase, Prominence's only "asset" was an active Medicaid license on file with DMA; Prominence was otherwise a shell company with no patients or any legitimate business operations.

12. It was further part of the conspiracy that one or more conspirators would and did misappropriate personal identifying information ("PII") of (i) Medicaid beneficiaries, including names, dates of birth, and Medicaid Identification Numbers, and (ii) mental health professionals, including clinician names and NPI numbers.

13. It was further part of the conspiracy that a co-conspirator would and did act as the third party biller for Prominence. In this capacity, the co-conspirator would and did use the misappropriated PII to prepare and electronically file thousands of false and fraudulent reimbursement claims for mental health services purportedly rendered by Prominence when, in fact, no such services were ever rendered.

14. It was further part of the conspiracy that between at least 2015 and 2016, TAMARA PERRY MCCAFFITY owned and operated 1st

5

Choice Health Services, a purported mental health business in High Point, North Carolina. TAMARA PERRY MCCAFFITY used the business to submit false and fraudulent claims for Medicaid reimbursement, including claims for mental health services that were never rendered.

All in violation of Title 18, United States Code, Section 1349.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

## FORFEITURE NOTICE

Upon conviction of the offense alleged in this Criminal Information, the defendant, TAMARA PERRY MCCAFFITY, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

The forfeitable property includes, but is not limited to, the following:

1. $771,269 in United States currency, representing the gross proceeds of the offense alleged in this Criminal Information obtained by the defendant;

2. One approximately 0.48 acre tract of real property, with all improvements thereto, located in Wake County, North Carolina, and more fully described in a deed recorded in book 14125, pages 2020-2022 of the Wake County Registry, being titled in the names of Edward Leslie McCaffity and Tamara McCaffity, and having the street address of 11222 Empire Lakes Drive, Raleigh, North Carolina.

3. One approximately 0.26 acre tract of real property, with all improvements thereto, located in Durham County, North Carolina, and more fully described in a deed recorded in book 7866, pages 814-815 of the Durham County Registry, being titled in the name of Tamara Perry

McCaffity, and having the street address of 5 Elmridge Court, Durham, North Carolina.

4. One approximately 0.26 acre tract of real property, with all improvements thereto, located in Orange County, Florida, and more fully described in a deed recorded in book 9848, page 1938 of the Orange County Registry, being titled in the names of Edward McCaffity and Tamara Perry-McCaffity, and having the street address of 648 Crystal Lane Bay, Orlando, Florida.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

ROBERT J. HIGDON, JR.
United States Attorney

ADAM F. HULBIG
Assistant United States Attorney
Criminal Division