IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:18-CR-00263-FL

UNITED STATES OF AMERICA

v.

TAMARA PERRY MCCAFFITY

**FILED IN OPEN COURT
ON 2/15/2019
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC**

## ORDER OF FORFEITURE AS TO PROCEEDS AND PRELIMINARY ORDER OF FORFEITURE AS TO REAL PROPERTY

WHEREAS, pursuant to the entry of a Memorandum of Plea Agreement entered into by the defendant on October 19, 2018, and the defendant's guilty plea to an offense in violation of 18 U.S.C. § 1349, the Court finds that the following property is hereby forfeitable pursuant to 18 U.S.C. § 982(a)(7) and/or 21 U.S.C. § 853(p):

a) $771,269.00, an amount representing proceeds the defendant obtained directly or indirectly as a result of the said offense in Count One and for which the United States may forfeit substitute assets;

b) One approximately 0.48 acre tract of real property, with all improvements thereto, located in Wake County, North Carolina, and more fully described in a deed recorded in book 14125, pages 2020-2022 of the Wake County Registry, being titled in the names of Edward Leslie McCaffity and Tamara McCaffity, and having the street address of 11222 Empire Lakes Drive, Raleigh, North Carolina;

1

c) One approximately 0.26 acre tract of real property, with all improvements thereto, located in Durham County, North Carolina, and more fully described in a deed recorded in book 7866, pages 814-815 of the Durham County Registry, being titled in the name of Tamara Perry McCaffity, and having the street address of 5 Elmridge Court, Durham, North Carolina;

d) One approximately 0.26 acre tract of real property, with all improvements thereto, located in Orange County, Florida, and more fully described in a deed recorded in book 9848, page 1938 of the Orange County Registry, being titled in the names of Edward McCaffity and Tamara Perry-McCaffity, and having the street address of 648 Crystal Lane Bay, Orlando, Florida;

AND WHEREAS, by virtue of said guilty plea and the defendant's agreement therein, the United States is now entitled to entry of a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(2); and to seize the specific property subject to forfeiture, to conduct any discovery the Court considers proper in identifying, locating, or disposing of the property, and to commence proceedings that comply with any statutes governing third-party rights, as provided by Fed. R. Crim. P. 32.2(b)(3);

It is hereby ORDERED, ADJUDGED and DECREED:

1. That based upon the defendant's stipulation that she personally obtained at least $771,269.00 in proceeds from her violation of 18 U.S.C. § 1349, and that she has by her own acts or omissions made the proceeds unavailable, and that one or more of the conditions to forfeit substitute assets exists as set forth in 21 U.S.C. § 853(p), the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant, and that such substitute assets shall not exceed $771,269.00 in value.

2. That pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States may move to amend this Order at any time to substitute specific property to satisfy this Order of Forfeiture in whole or in part. Any and all forfeited funds shall be deposited by the U.S. Department of Justice or the U.S. Department of the Treasury, as soon as located or recovered, into the U.S. Department of Justice's Assets Forfeiture Fund or the U.S. Department of the Treasury's Assets Forfeiture Fund in accordance with 28 U.S.C. § 524(c) and 21 U.S.C. § 881(e).

3. That based upon the Memorandum of Plea Agreement as to the defendant, Tamara Perry McCaffity, all of the defendant's interests in the identified real property are herewith forfeited, subject to the provisions of 21 U.S.C. §§ 853(n).

4. That pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of this Order and of its intent to dispose of the property in such manner as the Attorney General or the Secretary of Treasury directs, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4). Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court within 30 days of the publication of notice or of receipt of actual notice, whichever is earlier.

The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, and must include any additional facts supporting the petitioner's claim and the relief sought.

5. That upon adjudication of all third party interests this Court will enter a Final Order of Forfeiture as to the identified real property pursuant to 21 U.S.C. § 853(n)(6).

6. That to the extent that the forfeiture or sale of the identified real property or any other substitute property hereafter forfeited is adequate to satisfy the proceeds judgment in the amount of $771,269.00 in whole or in part, the United States shall promptly file a Satisfaction of Judgment to the extent it is so satisfied.

7. That upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is directed to incorporate a reference to this Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P.

32.2(a)(4)(B). Pursuant to Fed. R. Crim. 32.2(b)(4)(A), this Order shall be final as to the defendant upon entry.

SO ORDERED. This 15 day of Feb, 2019.

LOUISE WOOD FLANAGAN
United States District Judge