| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TAMARA PERRY MCCAFFITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon third-party petition filed by Bruce Strother ("Strother") to determine his interest in property subject to forfeiture. (DE 74). Also before the court is the government's motion to dismiss Strother's petition pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A) for lack of standing and failure to state a claim. (DE 76). JP Morgan Chase Bank, National Association ("Chase Bank") filed a limited response. (DE 75). The issues raised are ripe for ruling. For the following reasons, the court denies Strother's petition and grants the government's motion to dismiss.

## STATEMENT OF THE CASE

On February 15, 2019, defendant pleaded guilty to one count of conspiracy to commit health care fraud, in violation of 18 U.S.C § 1349, pursuant to plea agreement, wherein defendant agreed to forfeit property specified in a criminal information, along with offense proceeds totaling $771,269.00. That same day, the court entered order of forfeiture as to proceeds and preliminary order of forfeiture as to real property, whereby the court found the following property, as relevant to the instant petition, forfeitable pursuant to 18. U.S.C. § 982(a)(7) and 21 U.S.C. § 853(p):

> One approximately .026 acre tract of real property, with all improvements
> thereto, located in Durham County, North Carolina, and more fully described

in a deed recorded in book 7866, pages 814-815 of the Durham County Registry, being titled in the name of Tamara Perry McCaffity, and having the street address of 5 Elmridge Court, Durham, North Carolina ["the Property"].

(DE 29 at 1-2).[1]

On April 4, 2019, the government filed declaration of publication of forfeiture notice pursuant to Federal Rule of Criminal Procedure 32.2(e). (DE 45). Following the government's publication of notice, Chase Bank filed petition, asserting its interest in the Property "by virtue of a deed of trust recorded on January 22, 2013, in Book 7170 at Page 402 of the Durham County Public Registry (the "Deed of Trust")." (DE 51 at 2). In response, the government recognized Chase Bank as the first lien holder of the Property (DE 66), and United States Magistrate Judge Robert B. Jones memorialized the same in his August 19, 2019, order. (DE 67).

On September 5, 2019, Strother, defendant's father, filed the instant verified petition seeking a hearing to determine his interest in the Property and requesting amendment to the preliminary order of forfeiture. (DE 74). Specifically, Strother requests that forfeiture of the Property be stricken, or alternatively, a constructive trust imposed in his favor. If the Property is not released, Strother requests payment upon sale of the Property in the amount of $36,000.00, to recoup his mortgage payments on the Property.

The government moved to dismiss Strother's petition asserting 1) Strother does not have an interest in the Property and 2) Strother has not alleged facts sufficient for the imposition of a constructive trust on the Property in his favor. (DE 76). Chase Bank also filed a limited response, asserting that any interest of Strother's shall be considered subordinate to its first lien on the Property. (DE 75).

---

[1] Page numbers in citations to documents in the record specify the page number designated by the court's electronic case filing (ECF) system, and not the page number, if any, showing on the face of the underlying document.

**STATEMENT OF FACTS**

The facts alleged in the instant petition may be summarized as follows. Strothers is an "elderly man," born March 9, 1938, and is "relatively cut-off from the modern world." (Pet. (DE 74) at 10). Id. He does not have a computer or an email address. Id. Instead, he has a landline and flip phone but does not send text messages. His last will and testament provides his three daughters an equal share of his estate upon death. (Id. at 2, 13).

On or about January 17, 2013, defendant and her husband, Edward McCaffity, conveyed the Property to Strother by deed recorded in Book 7170 at Page 33 of the Durham County Public Registry. (Id. at 2). Strother borrowed $95,000.00 to purchase the Property and continued to pay the mortgage while defendant lived at the Property. Id. Strother alleges he purchased the Property as a "family home" to "provide his loved ones with a place to stay when they had no where else to go 'after [he was] gone'-not just the defendant." (Id. at 5).

In 2016, defendant told Strother, "Dad, you are getting old and I want the deed in my name is case something happens to you." Id. Thereafter, defendant faxed a general warranty deed to Strother and told him to sign it. (Id. at 13). Defendant suggested the Property would be preserved for dislocated members of Mr. Strother's family and failed to explain the deed was a general warranty deed, leaving him "on the hook for the affixed covenants." Id. Moreover, defendant did not pay Strother any money for the conveyance. Id.

**DISCUSSION**

A.      Standard of Review

Rules pertaining to criminal forfeiture "are found primarily in 21 U.S.C § 853 and Federal Rule of Criminal Procedure 32.2." United States v. Oregon, 671 F.3d 484, 487 (4th Cir. 2012). The government derives its authority to forfeit property from 21 U.S.C § 853, which states any

person, convicted of certain crimes, "shall forfeit to the United States . . . any property constituting or derived from, any proceeds the person obtained, directly or indirectly," from the commission of those crimes. 21 U.S.C. § 853(a). After a defendant pleads guilty or is convicted of an applicable crime, "the court must determine what property is subject to forfeiture" and subsequently "enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property." Fed. R. Crim. P. 32.2(b)(1)(A), (b)(2)(A).

Thereafter, property is seized pursuant to the preliminary forfeiture order, and "any third party who claims an interest in the property to be forfeited may file a petition with the district court contesting the forfeiture." Oregon, 671 F.3d at 488 (citing Fed. R. Crim. P. 32.2(c)(1)). As relevant here, before considering such a petition in an ancillary proceeding, the court must first consider any motion by the government to dismiss the petition "for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A),(B). For purposes of such a motion, "the facts set forth in the petition are assumed to be true." Fed R. Crim. P. 32.2(c)(1)(A).

B.    Analysis

1.    Government's Motion to Dismiss

The government moves to dismiss Strother's petition on grounds that Strother lacks standing to challenge the preliminary order of forfeiture. Subsection (n)(2) of 21 U.S.C. § 853 confers statutory standing upon "any person, other than the defendant, [who] assert[s] a legal interest in property which has been ordered forfeited to the United States." 21 U.S.C. § 853(n)(2). "Accordingly, the touchstone for standing is the possession of a legal interest in the forfeited property." Oregon, 671 F.3d at 490.

"The term 'legal interest in property' encompasses all legally protected rights, claims, titles, or shares in real or personal property." United States v. Schecter, 251 F.3d 490, 494 (4th Cir. 2001). To avoid "manipulation of ownership," the United States Court of Appeals for the Fourth Circuit "look[s] beyond bare legal title" and "employ[s] a dominion and control test" to determine whether a third-party petitioner has a legal interest in the forfeited property. In re Bryson, 406 F.3d 284, 291 (4th Cir. 2005).

The government argues that Strother lacks a legal interest in the Property. The court agrees. Here, taking the facts alleged in Strother's petition as true, Strother purchased the Property from defendant on January 17, 2013, and he conveyed the Property back to defendant February 1, 2016, by general warranty deed. Accordingly, in 2016 Strother relinquished his legal interest in the Property and lacks standing to challenge its forfeiture. See United States v. Phillips, 185 F.3d 183, 187 (4th Cir. 1999) ("Although he briefly held title to the properties . . . Phillips had long since reconveyed the property to Phillips Jr. . . [and had no] legal interest . . . in these properties at any time after the reconveyance . . [so] he does not have standing to bring the claim.").

Strother argues his status as mortgagor of the Property provides him with a legal interest. However, by merely making mortgage payments, Strother does not exercise the requisite dominion and control over the Property. Indeed, the facts alleged in Strother's petition suggest that defendant, rather than Strother, exercised dominion and control over the Property by directing Strother to transfer title to the Property and by living at the Property while Strother paid the mortgage. See Bryson, 406 F.3d at 291 ("Leland's father exercised dominion and control over the properties, having bought them, directed those holding title to transfer title to EJ & WM, Inc., and ordered their subsequent transfer to Leland."). Without a legal interest in the Property, Strother lacks standing to challenge its forfeiture.

Alternatively, Strother asserts a legal interest in the Property as beneficiary of a constructive trust. Under North Carolina law:

> A constructive trust is a duty, or relationship, imposed by courts of equity to prevent the unjust enrichment of the holder of title to, or of an interest in, property which such holder acquired through fraud, breach of duty or some other circumstance making it inequitable for him to retain it against the claim of the beneficiary of the constructive trust.

Wilson v. Crab Orchard Dev. Co., 276 N.C. 198, 221 (1970). Moreover, "constructive trusts ordinarily arise from actual or presumptive fraud and usually involve the breach of a confidential relationship." Fulp v. Fulp, 264 N.C. 20, 22 (1965). However, "fraud need not be shown if legal title has been obtained in violation of some duty owed to the one equitably entitled." Roper v. Edwards, 323 N.C. 461, 465 (1988).

Here, according to the facts alleged in Strother's petition, defendant told Strother "Dad you're getting old and I want the deed [to the Property] in my name in case something happens to you." (Pet. (DE 74) at 5). Thereafter, defendant faxed Strother a general warranty deed "with the understanding that the property would be preserved for dislocated members of Mr. Strother's family." (Id. at 13). Strother signed the deed, without knowing it was a general warranty deed, and defendant did not pay any money for the conveyance. Id.

The government asserts, and the court agrees, that Strother fails to allege facts compelling imposition of constructive trust. Although Strother did not know what kind of deed he was signing, he knew he was conveying the Property to defendant, as defendant told him she wanted the deed in case something happened to him in his advanced age. Furthermore, the fact that defendant did not pay Strother any money for the conveyance does not raise suspicion, as it was a transfer among family members. Where Strother fails to allege any evidence of fraud, breach of duty, or inequitable conduct, the court declines to impose a constructive trust.

Finally, Strother asserts a legal interest in the Property under the innocent owner defense. However, as the government notes, this defense is only applicable in civil forfeiture proceedings. See 18 U.S.C § 983(d). In sum, where Strother lacks a legal interest in the Property, he does not have standing to challenge its forfeiture. [2]

2.      Chase Bank's Response

In Chase Bank's response to Strother's petition, it asserts that any interest of Strother's shall be subordinate to its first lien on the Property. Since the court is denying Strother's third-party petition, the court need not address Chase Bank's response.

## CONCLUSION

Based on the foregoing, the court DENIES Strother's petition (DE 74) and GRANTS the government's motion to dismiss (DE 76). The government is DIRECTED to file the proposed final order of forfeiture as to the Property herein described, within 14 days of this order.

SO ORDERED, this the 9th day of December, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[2] Since the court finds Strother lacks standing to challenge forfeiture of the Property, it declines to address his request to receive $36,000.00 if the Property is sold.