# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# No. 5:18-CR-263-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : |
| TAMARA PERRY MCCAFFITY, | : |
| Defendant. | : |

## FINAL ORDER OF FORFEITURE OF REAL PROPERTY KNOWN AS 5 ELMRIDGE COURT, DURHAM, NC

WHEREAS, upon the United States' Motion for a Final Order of Forfeiture and the underlying records in the docket, the Court makes the following findings:

1. On July 17, 2018, an Information was filed against Defendant TAMARA MCCAFFITY charging the Defendant in Count One with Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349 [DE-4];

2. The Information gave notice of the United States' intention to seek the forfeiture of the following real property (collectively the "Real Property"), pursuant to 18 U.S.C. § 982(a)(7) as gross proceeds traceable to the Defendant's violation:

   a. 11222 EMPIRE LAKES DRIVE, RALEIGH, NORTH CAROLINA 27617 ("11222 EMPIRE LAKES");

   b. 648 CRYSTAL BAY LANE, ORLANDO, FLORIDA 32828, ("648 CRYSTAL LN.");

   c. 5 ELMRIDGE COURT, DURHAM, NORTH CAROLINA, ("5 ELMRIDGE CT.");

3. The legal description for 5 ELMRIDGE COURT, DURHAM, NORTH CAROLINA is more specifically described as follows:

> Being all of Lot 51 in Stoneridge Subdivision, Phase 1 as shown on Plat recorded in Plat Book 130, Page 41, Durham County Registry;

4. A *Lis Pendens* giving notice of the United States' intent to forfeit 5 ELMRIDGE COURT, DURHAM, NORTH CAROLINA was filed with the Durham County Clerk of Superior Court on September 18, 2018, Case No: 18-M-1035;

5. On October 19, 2018, Defendant entered a guilty plea pleading guilty to Count One, Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1347 [DE-13];

6. As part of the Plea Agreement, Defendant agreed to the forfeiture of the Real Property pursuant to 18 U.S.C. § 982(a)(7) as proceeds of the Defendant's violation and/or as substitute property pursuant to 21 U.S.C. § 853(p) to satisfy a forfeiture judgment in the agreed amount of $771,269.00;

7. A Preliminary Order of Forfeiture forfeiting the Real Property pursuant to 18 U.S.C. § 982(a)(7) and 21 U.S.C. § 853(p) was entered on February 15, 2019 [DE-29];

8. The Preliminary Order of Forfeiture:

   a. Ordered the forfeiture of the Real Property pursuant to 18 U.S.C. § 982(a)(7) and 21 U.S.C. § 853(p);

   b. Ordered that the forfeiture was final as to the interests of the Defendant pursuant to Fed. R. Crm. P. 32.2(a)(4)(B);

c. Ordered that any person other than the Defendant claiming any legal interest in the Real Property must file a petition with the Court within the time period for the filing of third-party claims as set forth in 21 U.S.C. § 853(n); and

d. Retained jurisdiction to enforce the Preliminary Order of Forfeiture and amend it as necessary pursuant to Fed. R. Crm. P. 32.2(e);

9. The Defendant was sentenced and a Judgment was entered on February 15, 2019 [DE-31] and that Judgment incorporated the Preliminary Order of Forfeiture by reference;

10. The United States published notice of this forfeiture action and the intent of the United States to dispose of the Real Property in accordance with Fed.R.Crm.P. 32.2(e), and such publication notified all parties of their right to petition the Court for a hearing to adjudicate the validity of their alleged interest in the Real Property, beginning on February 20, 2019 and continuing for at least thirty (30) consecutive days, on the www.forfeiture.gov website [DE-45];

11. The Real Property known as 5 ELMRIDGE COURT, DURHAM, NORTH CAROLINA, is titled to TAMARA MCCAFFITY;

12. The United States sent direct written notice of the Preliminary Order of Forfeiture in accordance with 21 U.S.C. § 853(n)(1) and Rule 32.2(6) to all persons who reasonably appeared to be a potential claimant with standing to contest the forfeiture of the Subject Property in the ancillary proceeding, which included the following persons:

a. Chase Home Mortgage Corporation;
b. Chase Home Mortgage Corporation c/o Pennsylvania Secretary of

3

State;
    c. Edward Leslie McCaffity;
    d. Dwayne Gray c/o Matthew W. Buckmiller, Esq.;
    e. Wake County Tax Office;
    f. Wells Fargo Bank N.A., c/o Corporation Service Company;
    g. Wells Fargo Bank N.A., Attention Legal Department;
    h. Coastal Federal Financial Group LLC, Attention Legal Department;
    i. Coastal Federal Financial Group LLC c/o Willard Ross, Registered Agent;
    j. MERS, Attention Legal Department;
    k. MERS c/o The Corporate Company;
    l. Florida Department of Revenue;
    m. Orange County Tax Collector; and
    n. Durham County Tax Office;

[DE-54];

13. Service upon 5 ELMRIDGE CT was executed by posting the Preliminary Order of Forfeiture on the property by an agent of the United States Marshal's Service on March 5, 2019 [DE-35];

14. The following petitions were filed in relation to 5 ELMRIDGE CT:

    a. JP MORGAN CHASE BANK, NA (CHASE) [DE-51]; and
    b. BRUCE STROTHER [DE-74];

15. The other petitions filed related to property other than 5 ELMRIDGE CT.;

16. The United States filed a response to the Petitions [DE-66] which indicated that after payment of costs incurred by or on behalf of the United States Marshals Service (USMS) for the seizure, maintenance, forfeiture and sale of the Real Property, the United States would pay any past due real property taxes as well as the pro rata share of state or local real property taxes from January 1, 2019 through the

4

date of the entry of the Final Order of Forfeiture;

17. The United States' Response also recognized the first lien of CHASE on the 5 ELMRIDGE CT. property;

18. On August 19, 2019 this Court entered an order resolving the Petitions [DE-67], allowing CHASE'S Petition and reciting that the Government will recognize the interests of petitioners in the following order:

   a. The costs incurred by or on behalf of the United States Marshals Service for the seizure, maintenance, forfeiture and sale of the property shall be paid in full in priority to any other claim or interest, as provided by 21 U.S.C. §881(e)(2)(A)(i);

   b. The United States recognizes and will pay any past-due state or local real property taxes as well as the pro-rata state or local real property taxes owing from January 1, 2019, through the date of entry of a final order of forfeiture;

   c. The United State recognizes the lien of … JP Morgan Chase Bank (as a first lien on the 5 Elmridge Court, Durham, North Carolina property);

19. CHASE has consented to the entry of this Final Order of Forfeiture;

20. The United States filed a motion to dismiss [DE-76] the petition of BRUCE STROTHER;

21. On December 9, 2019, the Court entered an Order [DE-79] granting the

United States' motion to dismiss and denying BRUCE STROTHER'S petition.

NOW, THEREFORE, it is ORDERED, ADJUDGED AND DECREED that:

1. Pursuant to Fed. R. Crim. P. 32.2(6)(c)(2) and 21 U.S.C. § 853(n)(7), the Preliminary Order of Forfeiture entered on February 15, 2019 [DE-29], ordering the forfeiture of 5 ELMRIDGE CT. pursuant to 18 U.S.C. § 982(a)(7) and 21 U.S.C. § 853(p), is now final;

2. All right, title and interest to 5 ELMRIDGE CT. described in Paragraph 3, above, is hereby condemned, forfeited and vested in the United States of America and the United States has clear title to 5 ELMRIDGE CT. and may warrant good title to any subsequent purchaser or transferee;

3. The United States Marshals Service (USMS) is authorized to dispose of 5 ELMRIDGE CT. in accordance with the law;

4. The gross sales price of 5 ELMRIDGE CT. shall not be less than an amount sufficient to pay CHASE that amount set forth in Paragraph 5, below, without first providing CHASE an opportunity to consent in writing to the sale at such price or, in the alternative, elect to tender to the United States an amount equal to such price and purchase the property itself. CHASE's election and/or consent to sale, if necessary, shall be provided within seven (7) calendar days of any request by the United States and consent shall not be unreasonably withheld;

5. Upon the sale of 5 ELMRIDGE CT. the proceeds of the sale shall be distributed in the following priority, to the extent proceeds are available:

a. First, to the USMS pursuant to 21 U.S.C. § 881(e)(2)(A)(i), any and all costs and expenses incurred by the USMS in connection with the seizure, maintenance, forfeiture, marketing and sale of the property; escrow fees; insurance costs, if any; commissions, if any; document recording fees not paid by the buyer; title fees; and transfer taxes;

b. Second, to the DURHAM COUNTY TAX COLLECTOR for all unpaid real property taxes due and owing through the date of the entry of this Final Order of Forfeiture; provided, however, that the United States shall not be liable for the payment of state or local property taxes from the date of the entry of this Final Order of Forfeiture;

c. Third, to CHASE, the amount of $56,587.85 as of December 23, 2019 for principal and interest at the contract rate of 2.750 percent, plus a $4.26 per diem thereafter; provided, however, that the amount due to CHASE shall be reduced by any future loan payments credited to the account and an equal amount returned to the person(s) who remitted such payments to the extent the payor(s) can be identified; and

d. Finally, any remaining balance shall be forfeited to the United States and shall be disposed of according to law;

6. Any lienholder listed in Paragraph 5, above, may maintain a hazard insurance policy with respect to the property through the date of the USMS's closing of sale, and shall be reimbursed from the net sales proceeds (to the extent such proceeds are available after the payment of all expenses, claims and liens) for the actual cost of such insurance upon submission of proof of premiums paid to the USMS;

7. Other than those interests recognized herein, no other person or entity, shall have any right, title or interest in 5 ELMRIDGE CT. and any and all liens are hereby released as of the date of the USMS' closing of the sale of 5 ELMRIDGE CT.; and

8. The United States District Court shall retain jurisdiction for the purpose

of enforcing this Final Order of Forfeiture.

SO ORDERED, this the 13th day of January, 2020.

_____
LOUISE W. FLANAGAN
UNITED STATES DISTRICT JUDGE