IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-263-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| TAMARA PERRY McCAFFITY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (DE 84). The government responded in opposition and in this posture the issues raised are ripe for ruling. For the following reasons, the motion is denied.

## BACKGROUND

On October 19, 2018, defendant pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit health care fraud, in violation of 18 U.S.C. §§ 1347 and 1349. The court held defendant's sentencing hearing on February 15, 2019. The presentence investigation report ("PSR"), which the court adopted in relevant part, determined defendant was involved in a significant Medicaid fraud scheme that involved false billing for mental health services that were not provided. The total losses to Medicaid totaled $523,783.00. With respect to the advisory Guidelines range, defendant received a 14-level enhancement for the loss amount, two-level enhancement because the offense involved more than 10 victims, and two-level enhancement for using five or more stolen Medicaid beneficiary numbers. With offense level 25 and criminal history category I, defendant's advisory Guidelines range was 46 to 57 months' imprisonment. The court sentenced defendant to 46 months' imprisonment and ordered payment of $523,783.00

in restitution.

Defendant filed the instant motion for compassionate release on December 22, 2020. The government responded in opposition on January 5, 2021, and filed in support defendant's medical records and Federal Bureau of Prisons ("FBOP") administrative records regarding defendant.

## COURT'S DISCUSSION

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits sentence reductions in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it "first [finds] that 'extraordinary and compelling reasons warrant[] [a sentence reduction], then consider[s] the [factors set forth in 18 U.S.C. § 3553(a)], and ultimately determine[s] that the requested reduction is consistent with any 'applicable policy statement issued by the Sentencing Commission.'" 18 U.S.C. § 3582(c)(1)(A); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021); see also United States v. McCoy, 981 F.3d 271, 275-76 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1101 (6th Cir. 2020).[1] The court has "broad discretion" to deny a motion for compassionate

---

[1] The Sentencing Commission has not adopted a policy statement applicable to motions for compassionate release filed by defendants in the sentencing court. Kibble, 992 F.3d at 330; McCoy, 981 F.3d at 281-83. Accordingly, the district court is not required to consider whether the reduction is consistent with U.S.S.G. § 1B1.13, the policy statement applicable to motions for compassionate release filed by the Federal Bureau of Prisons. See

release if it determines the § 3553(a) factors do not support a sentence reduction, even if the defendant establishes extraordinary and compelling reasons for release.  See Kibble, 992 F.3d at 330-31; McCoy, 981 F.3d at 275; see also United States v. Chambliss, 948 F.3d 691, 693-94 (5th Cir. 2020).

Section 3553(a) requires that the court consider the following factors when imposing a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a).  In the context of compassionate release motions, the court should "reconsider[] the § 3553(a) factors in view of the extraordinary and compelling circumstances present" in the case.  Kibble, 992 F.3d at 332.

Here, the parties dispute whether defendant's underlying health issues, in conjunction with her risk of contracting COVID-19, present extraordinary and compelling reasons for release.  The court will assume without deciding that defendant has satisfied her burden with respect to this prong of the analysis.  Defendant's release, however, is not supported by the § 3553(a) factors in light of the egregious offense conduct at issue.  As noted above, defendant participated in an

---

Kibble, 992 F.3d at 330-31.

extensive conspiracy to fraudulently bill Medicaid for more than half a million dollars in services that were never rendered, using stolen Medicaid beneficiary numbers. Further reduction[2] in defendant's sentence would not accomplish the goals of sentencing for the reasons set forth at defendant's recent sentencing hearing. And while the court commends defendant for her record of achievement in custody, which includes completing the residential drug abuse program and other courses and making payments towards her restitution, these factors do not justify a sentence reduction in light of the offense conduct at issue.

Having fully considered defendant's arguments, together with the full record of this case in light of the § 3553(a) factors, and defendant's risk of contracting COVID-19, the court finds defendant's current sentence remains necessary to reflect the seriousness of the offense, and provide both specific and general deterrence to criminal conduct.

## CONCLUSION

Based on the foregoing, defendant's motion for compassionate release (DE 84) is DENIED.

SO ORDERED, this the 17th day of June, 2021.

                                                    LOUISE W. FLANAGAN
                                                  United States District Judge

---

[2] The FBOP reduced defendant's sentence by 12 months after she completed the residential drug abuse program. See 18 U.S.C. § 3621(e)(2).